UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| REMINGTON LODGING & HOSPITALITY, LLC,<br><br>         Plaintiff,<br><br>v.<br><br>CLEVELAND AIRPORT HOSPITALITY II, LLC; CLEVELAND STRONGSVILLE HOSPITALITY, LLC; CLEVELAND SOUTH HOSPITALITY, LLC; and COLUMBUS WORTHINGTON HOSPITALITY, LLC,<br><br>         Defendants. | Case No. |

**COMPLAINT FOR BREACH OF CONTRACT**

For its complaint against Cleveland Airport Hospitality II, LLC ("Airport LLC"), Cleveland Strongsville Hospitality, LLC ("Strongsville LLC"), Cleveland South Hospitality, LLC ("South LLC"), and Columbus Worthington Hospitality, LLC ("Columbus LLC"), Plaintiff Remington Lodging & Hospitality, LLC ("Remington") states and alleges as follows.

**Nature of the Case**

1. This dispute involves agreements between Remington and Defendants for the provision of hotel-management services for four separate hotels in Ohio. Through four separate Hotel Management Agreements, each of the defendants agreed that Remington would manage and operate the hotels in exchange for management fees and other payments. Despite Remington performing all that was required under the Hotel Management Agreements, the defendants have refused to pay Remington its management fees and out-of-pocket expenses incurred in performing

1

under the Hotel Management Agreements. Remington has filed this action to recover the amounts it is owed that the defendants have refused to pay.

## The Parties

2. Remington is a Delaware limited liability company. Its offices are located in Dallas, County, Texas.

3. Airport LLC is a Pennsylvania limited liability company with an address in Bradford County, Pennsylvania.

4. Strongsville LLC is a Pennsylvania limited liability company with an address in Bradford County, Pennsylvania.

5. South LLC is a Pennsylvania limited liability company with an address in Bradford County, Pennsylvania.

6. Columbus LLC is a Pennsylvania limited liability company with an address in Bradford County, Pennsylvania.

7. Airport LLC, Strongsville LLC, South LLC, and Columbus LLC (the "Twin Tier Entities") are affiliates of Twin Tier Hospitality, L.L.C. ("Twin Tier"), a Pennsylvania limited liability with offices located in Bradford County, Pennsylvania.

## Statement of Jurisdiction

8. Remington's sole member is Remington Holdings, L.P., a Delaware limited partnership. The general and limited partners of Remington Holdings, L.P. are Remington Holdings GP, LLC, a Delaware limited liability company, and Ashford Hospitality Services, LLC, a Delaware limited liability company. The sole member of Remington Holdings GP, LLC is Ashford Hospitality Services, LLC. The sole member of Ashford Hospitality Services, LLC is Ashford Advisors, Inc., a Delaware corporation whose principal place of business is in Delaware. Remington is accordingly a citizen of Delaware for purposes of 28 U.S.C. § 1332.

9. Because Airport LLC, Strongsville LLC, South LLC, and Columbus LLC are limited liability companies, their citizenship for purposes of 28 U.S.C. § 1332 is based on the citizenship of their members. Upon information and belief, none of the members of Airport LLC, Strongsville LLC, South LLC, and Columbus LLC are citizens of Delaware.

10. The amount in controversy exceeds $75,000, without interest or costs.

11. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

### Facts

**A. Remington and the Twin Tier Entities Enter into Hotel Management Agreements for Four Ohio Hotels.**

12. Remington is a property-management company, specializing in hotel management. Remington has extensive experience managing hotels under premier hotel brands throughout the United States. Remington currently manages over 100 hotels under various Marriott, Hilton, Hyatt, and other brands, as well as several independent hotels.

13. Twin Tier owns and operates several hotels in Ohio, Pennsylvania, and New York, including four hotels in Ohio. Twin Tier's practice is to establish separate affiliated entities to hold ownership of each of its hotels. The Twin Tier Entities are those entities for Twin Tier's four hotels in Ohio.

14. Airport LLC owns and operates a hotel known as "Doubletree Cleveland – Westlake," which is located at 1100 Crocker Road in Westlake, Ohio. Strongsville LLC owns and operates a hotel known as "Best Western Plus Strongsville-Cleveland," which is located at 15471 Royalton Road in Strongsville, Ohio. South LLC owns and operates a hotel known as "Doubletree Cleveland – Independence," which is located at 6200 Quarry Lane in Independence, Ohio. Columbus LLC owns and operates a hotel known as "Doubletree Columbus – Worthington," which is located at 175 Hutchinson Avenue in Columbus, Ohio.

3

15. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

16. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

17. Remington and each of the Twin Tier Entities ultimately entered into a Hotel Management Agreement ("HMA") providing for Remington to manage and operate the corresponding hotel. ████████████████████████████████████████████████ The terms of each HMA are substantially the same.

18. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

19. ████████████████████████████████████████████████████████████████████████████████████████████████████████████

4

20. █████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

██████████████████████

21. ███████████████████████████

████████████████████████████████

████████████████████████████████

██████████████████████

22. ████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

██████████████████████████

█ ████████████████████████████████
██████████████████

23. ████████████████████████████

████████████████████████████

24. ███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████

25. ███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
██████

26. ███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████████

27. ███████████████████████████████████████████████
███████████████████████████████████████████████
█ ███████████████████████████████████████████████
█████████████████████████

28. ███████████████████████████████████████████████
█

29. ███████████████████████████████████████████████
███████████████████████████████████████████████

30. ███████████████████████████████████████████████
███████████████████████████████████████████████

6

31. ███████████████████████████████████████████████

32. ███████████████████████████████████████████████

33. ███████████████████████████████████████████████

**D.     The Parties Agree to Terminate the HMAs.**

34. ███████████████████████████████████████████████

7

Case: 1:24-cv-02031-PAB Doc #: 1 Filed: 11/20/24 8 of 12. PageID #: 8



35. ■■■

36. ■■■

37. The parties thereafter set up a conference call to discuss the future of their business relationship. On that call, Remington advised Twin Tier that Remington did not believe that the relationship was working and proposed that the parties terminate the HMAs. Twin Tier agreed, and the parties terminated the HMAs effective January 31, 2024.

38. On April 11, 2024, Remington transmitted final financial statements for the hotels to Twin Tier, along with a final invoice for amounts due from the Twin Tier Entities to Remington under the HMAs.

39. The final invoice reflected $1,245,569.89 as collectively due and owing from the Twin Tier Entities, of which $1,234,390.32 remains due and owing. Of this amount, $326,422.10 is due and owing from Airport LLC, $250,109.36 is due and owing from Strongsville LLC,

8

$320,220.43 is due and owing from South LLC, and $337,638.43 is due and owing from Columbus LLC.

40. To date, the Twin Tier Entities have refused to pay these sums due as reflected on the final invoice.

## Count One
### (Breach of Contract Against Airport LLC)

41. Remington repeats and realleges each and every allegation set forth in paragraphs 1 through 40 above as if fully rewritten herein.

42. The HMA entered into between Remington and Airport LLC (the "Airport HMA," ▮▮▮▮▮▮▮▮) is a valid and enforceable contract.

43. Remington performed its obligations under the Airport HMA.

44. Airport LLC breached its obligations under the Airport HMA by failing to pay Remington the amounts due and owing to Remington under the Airport HMA, as reflected in the final invoice transmitted by Remington.

45. Remington has suffered damages in the amount of $326,422.10 as a result of Airport LLC's breach of the Airport HMA.

46. Remington is entitled to its costs and attorneys' fees incurred in connection with this action pursuant to Sections 11.03 and 13.05 of the Airport HMA.

## Count Two
### (Breach of Contract Against Strongsville LLC)

47. Remington repeats and realleges each and every allegation set forth in paragraphs 1 through 40 above as if fully rewritten herein.

48. The HMA entered into between Remington and Strongsville LLC (the "Strongsville HMA," ▮▮▮▮▮▮▮▮) is a valid and enforceable contract.

49. Remington performed its obligations under the Strongsville HMA.

50. Strongsville LLC breached its obligations under the Strongsville HMA by failing to pay Remington the amounts due and owing to Remington under the Strongsville HMA, as reflected in the final invoice transmitted by Remington.

51. Remington has suffered damages in the amount of $250,109.36 as a result of Strongsville LLC's breach of the Strongsville HMA.

52. Remington is entitled to its costs and attorneys' fees incurred in connection with this action pursuant to Sections 11.03 and 13.05 of the Strongsville HMA.

## Count Three
### (Breach of Contract Against South LLC)

53. Remington repeats and realleges each and every allegation set forth in paragraphs 1 through 40 above as if fully rewritten herein.

54. The HMA entered into between Remington and South LLC (the "South HMA," ███████████████) is a valid and enforceable contract.

55. Remington performed its obligations under the South HMA.

56. South LLC breached its obligations under the South HMA by failing to pay Remington the amounts due and owing to Remington under the South HMA, as reflected in the final invoice transmitted by Remington.

57. Remington has suffered damages in the amount of $320,220.43 as a result of South LLC's breach of the South HMA.

58. Remington is entitled to its costs and attorneys' fees incurred in connection with this action pursuant to Sections 11.03 and 13.05 of the South HMA.

## Count Four
### (Breach of Contract Against Columbus LLC)

59. Remington repeats and realleges each and every allegation set forth in paragraphs 1 through 40 above as if fully rewritten herein.

60. The HMA entered into between Remington and Columbus LLC (the "Columbus HMA," ███████████████ ) is a valid and enforceable contract.

61. Remington performed its obligations under the Columbus HMA.

62. Columbus LLC breached its obligations under the Columbus HMA by failing to pay Remington the amounts due and owing to Remington under the Columbus HMA, as reflected in the final invoice transmitted by Remington.

63. Remington has suffered damages in the amount of $337,638.43 as a result of Columbus LLC's breach of the Columbus HMA.

64. Remington is entitled to its costs and attorneys' fees incurred in connection with this action pursuant to Sections 11.03 and 13.05 of the South HMA.

## Demand for Relief

Therefore, Remington demands the following relief:

(a) An award of compensatory damages against Airport LLC in the amount of $326,422.10, plus pre-judgment interest and costs;

(b) An award of compensatory damages against Strongsville LLC in the amount of $250,109.36, plus pre-judgment interest and costs;

(c) An award of compensatory damages against South LLC in the amount of $320,220.43, plus pre-judgment interest and costs;

(d) An award of compensatory damages against Columbus LLC in the amount of $337,638.43, plus pre-judgment interest and costs;

(e) An award against each Defendant of Remington's reasonable attorneys' fees and litigation expenses pursuant to Sections 11.03 and 13.05 of the HMAs;

(f) Post-judgment interest on all amounts awarded against any Defendant; and

(g) Any other relief that the Court deems just and proper.

Respectfully submitted,

      s/Rajeev K. Adlakha
Rajeev K. Adlakha (0087096)
Matthew D. Fazekas (0099693)
Vorys, Sater, Seymour and Pease LLP
200 Public Square (14th Floor)
Cleveland, OH 44114
Phone/Fax: (216) 479-6175
Email: rkadlakha@vorys.com
       mdfazekas@vorys.com

*Attorneys for Plaintiff*